IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARCUS GREGORY MARCOOT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-197-Z-BR |
| | § | |
| Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Marcus Gregory Marcoot ("Petitioner") filed a Petition for a Writ of Habeas Corpus by a Person in State Custody, challenging a prison disciplinary proceeding (case number 20170322404) that took place at the Neal Unit in Potter County, Texas. (ECF 3 at 1, 5). Petitioner is currently incarcerated at the Neal Unit pursuant to a conviction for driving while intoxicated, third offense, enhanced and the resultant 12-year sentence. (ECF 3 at 2; ECF 9 at 2; ECF 9-1 at 3). Petitioner's conviction is out of the 266th District Court of Erath County, Texas. (ECF 3 at 2; ECF 9 at 2; ECF 9-1 at 3). The undersigned United States Magistrate Judge is of the opinion that Petitioner's application for federal habeas corpus relief should be DENIED.

### I.    DISCIPLINARY CHARGE AND PROCEEDINGS

On June 29, 2017, Petitioner was notified that he was being charged with assaulting an officer without a weapon under Level 1, Code 3.3 of the Texas Department of Criminal Justice's ("TDCJ") *Disciplinary Rules and Procedures for Offenders*. (ECF 9 at 3; ECF 9-1 at 6, 9). Specifically, it was alleged that on June 27, 2017, Petitioner assaulted an officer "by using his shoulder [and] striking Officer Seven [Sengvixay] on the upper body. The assault did not result in any injuries." (ECF 9-1 at 6). A Disciplinary Hearing Officer ("DHO") conducted Petitioner's

disciplinary hearing on July 6, 2017. (*Id.*). Petitioner did not attend the hearing. (*Id.* at 6–7). The DHO found Petitioner guilty of the charged offense and assessed punishment that included forfeiture of sixty (60) days previously accrued good time credit.[1] (*Id*. at 6).

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. (*See* ECF 3 at 5–6; ECF 9 at 3; ECF 9-1 at 17–22). On August 2, 2017, relief was denied at Step 1 with the following response:

> Major disciplinary case #20170322404 has been reviewed. You were provided the opportunity to attend your hearing in order to present your defense but, you refused to attend your hearing. The disciplinary charge is appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence, as well as your failure to refute the charges. All due process requirements were satisfied and the punishment imposed by the Disciplinary Hearing Officer was within agency guidelines. Furthermore, you state yourself that it was supposedly an accident but, if you had not been so close to the Officer this incident probably would not have happened in the first place and it does not matter, when you come in contact with a staff member it is going to be classified as an assault and assaulting staff will not be tolerated. No corrective action is warranted for this appeal.

(ECF 9-1 at 20). On September 11, 2017, relief was denied at Step 2 with findings that the disciplinary charge was appropriate for the offense, there was sufficient evidence to sustain the finding of guilt, and the punishment was within agency guidelines. (*Id.* at 22).

Having unsuccessfully challenged the case administratively, Petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.

## II.   PETITIONER'S ALLEGATIONS

Petitioner contends that his federal constitutional rights were violated as a result of the disciplinary charge and finding of guilt in two ways:

---

[1] Petitioner's other punishment included: (1) loss of forty-five (45) days of recreational privileges; (2) loss of forty-five (45) days of commissary privileges; (3) loss of forty-five (45) days of offender telephone service; and (4) reduction in line classification from L2 to L3. (ECF 9-1 at 6, 8). However, these punishments constituted changes in the conditions of Petitioner's confinement and do not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

      1.      His due process rights were violated because he was denied the right to attend his hearing.

      2.      His due process rights were violated because he was not allowed to present a witness at his hearing.

(ECF 3 at 6).[2]

### III. EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Consequently, no relief may be granted unless either Petitioner has first exhausted the remedies available in the state courts or an exception to exhaustion exists. However, Petitioner's habeas application may be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031–32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3]

Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state

---

[2] "GROUND ONE: Wasn't allowed to attend my hearing and present my defense or present my witness[.]" (ECF 3 at 6).

[3] Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988).

remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259–60 (5th Cir. 2001).

Respondent contends that Petitioner's petition should be dismissed with prejudice because he has failed to properly exhaust the claims presented herein which are thereby procedurally defaulted. (ECF 9 at 1). Specifically, Respondent contends that Petitioner failed to raise the claims discussed herein in his Step 1 grievance. (*Id.* at 7).

Petitioner stated the following on the Step 1 Offender Grievance Form:

> On 6-27-17 at [5:15 p.m.,] I was standing at D wing door waiting for the C.O. to call Bible study and A.A. When C.O. Sengvixay called A.A. and Bible study[,] I stepped up and gave him my lay in[.] C.O. Sengvixay had the door proped [sic] open with his right foot[.] I handed him my lay in with my left hand [and] he took the lay in with his left hand. He looked at the lay in and then gave it back. After that he took a step back for me to come threw [sic] the door way [sic] when he noticed a bunch off [sic] offenders rushing to the door. I hadn't made it threw [sic] the doorway completely yet when he put his left arm up to stop people from rushing threw [sic] the door[.] [T]hat[']s when are [sic] left hands made contact.

(ECF 9-1 at 19). Petitioner did not assert at Step 1 that his due process rights were violated because he was denied the right to attend his hearing and present witnesses at the hearing. (*See id.* at 19–20).

In fact, Petitioner even acknowledged in his Step 2 grievance that he did not raise these claims in Step 1:

> [First,] I was never [grieving] the opportunity to attend my hearing and present my defense or present my witness. . . . I gave a factual history of the incedent [sic] and that is all I stated. . . ."

(*Id.* at 21).

A Texas prisoner must exhaust the TDCJ grievance process, the administrative remedy available to challenge a disciplinary ruling, before seeking federal habeas corpus review of prison disciplinary matters. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993). Petitioner did not adequately exhaust his administrative remedies as to his claims because he did not raise these claims in his Step 1 grievance. Moreover, Petitioner has not shown good cause for this default nor presented new evidence of actual innocence of the charged offense to demonstrate a fundamental miscarriage of justice.[4]

Consequently, Petitioner's claims asserted in the instant habeas application are procedurally barred. However, and as discussed below, even if Petitioner's claims were not barred, the undersigned finds that Petitioner's claims should be denied on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## IV. STANDARD OF REVIEW

In order to prevail, Petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions that must

---

[4] Unexhausted disciplinary claims are procedurally defaulted absent a showing of cause and prejudice or a fundamental miscarriage of justice. *See Moffatt v. Dir., TDCJ-CID*, 390 F. Supp. 2d 560, 563 (E.D. Tex. 2005). To demonstrate a fundamental miscarriage of justice, a petitioner must make a persuasive showing that he is actually innocent of the charges against him by presenting new, reliable evidence showing it is more likely than not that the petitioner would not have been found guilty in light of the new evidence. *See Finley v. Johnson*, 243 F.3d 215, 220–21 (5th Cir. 2001).

be satisfied. 418 U.S. 539 (1974). Those are:

      1.      Advance written notice of the charges;

      2.      An opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

      3.      A written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Id*. at 563–66.

## V.    MERITS

As stated *supra* and thoroughly briefed by Respondent, Petitioner was afforded all the due process to which he was entitled under *Wolff*. The record shows that Petitioner received written notice of the charges at approximately 10:05 am on June 29, 2017 but "declined to sign" the notice. (ECF 9 at 12; ECF 9-1 at 6). Therefore, Petitioner received notice in advance of the twenty-four-hour period of preparation required under the first prong of *Wolff*. (*See* ECF 9 at 12; ECF 9-1 at 6); *Wolff*, 418 U.S. at 564. The first of prong of *Wolff* was satisfied.

Additionally, the record includes a copy of the TDCJ Disciplinary Report and Hearing Record on which the DHO noted the guilty finding and listed the reasons for the determination of guilty, including the charging officer's written report, which Petitioner did not refute. (ECF 9-1 at 6). As such, the third prong of *Wolff* was satisfied. *See Wolff*, 418 U.S. at 564–65.

First, Petitioner argues that his due process rights were violated because he was denied the right to attend his disciplinary hearing. (ECF 3 at 6). Petitioner alleges that he "was kept in pre[-]hearing detention and not allowed to attend the hearing." (*Id.*). Petitioner contends that "proof doesn't exist on my behalf" to support his claim that he "was denied the opportunity to attend the hearing." (*Id.*). Petitioner contends that he did not sign any documentation stating that he did not want to attend. (*Id.*). Respondent, however, contends that "the record indicates that [Petitioner]

declined to attend" the disciplinary hearing. (ECF 9 at 13).

Nothing in the record suggests that Petitioner was excluded from the disciplinary hearing by the DHO or any other person. (*See* ECF 9-1). Further, the record reflects that Petitioner's Counsel Substitute contacted Petitioner about attending the hearing, and that Petitioner declined to attend. (ECF 9-1 at 6–7, 13, 15; Disciplinary Hearing Audio). Petitioner has presented nothing other than conclusory allegations, unsupported by evidence in the record, and these bald assertions are too vague, conclusory, and unsupported to be of probative evidentiary value in support of his claim. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *see also Milam v. Davis*, 733 F. App'x 781, 787 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 335 (2018). As such, Petitioner's first claim should be denied.

Second, Petitioner argues that his due process rights were violated because he was not allowed to present a witness at his disciplinary hearing. (ECF 3 at 6). The second prong of *Wolff* mandates an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563–66. Petitioner does not specify what witness he wished to call or any further details in his petition, but the Court notes that Petitioner has included a handwritten document entitled "Sworn Testimony" appending his petition that appears to be a witness statement from a fellow inmate. (ECF 3 at 6, 15). Respondent contends that Petitioner "was informed of his right to call and question witnesses" and "given the opportunity to do so." (ECF 9 at 12).

The record reflects that Petitioner was informed of his right to call and question witnesses. (ECF 9-1 at 13). However, the record shows that Petitioner did not request any witnesses to testify at his disciplinary hearing, and as such, no witnesses testified at the hearing. (*Id.* at 7, 13; Disciplinary Hearing Audio). Again, Petitioner has presented conclusory allegations that are

unsupported by evidence in the record and have no probative evidentiary value in support of his claim. *Miller,* 200 F.3d at 282. Petitioner's second claim should be denied. The second prong of *Wolff* was satisfied. *See Wolff*, 418 U.S. at 563–66.

## VI.    RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner be DENIED.

## VII.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 30, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district

court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).